CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

LANCASHIRE INSURANCE COMPANY *v.* STANLEY.

Opinion delivered February 9, 1901.

1. INSURANCE—LIMITATION—NONSUIT.—Where a suit was brought on a policy of fire insurance within a year after the fire, and a voluntary nonsuit was taken, plaintiff is entitled to bring a new suit within a year after such nonsuit, under Sand. & H. Dig., § 4144, providing that in actions against insurance companies if the plaintiff shall suffer nonsuit he may commence a new action "within one year after nonsuit suffered," notwithstanding a provision of the policy that no suit thereon should be sustainable "unless commenced within twelve months next after the fire." (Page 3.)

2. INSTRUCTION—CREDIBILITY OF WITNESSES.—Where a party testified in an action, the opposite party is entitled to an instruction that, in passing upon the testimony of any witness, the jury have a right to take into consideration the interest such witness may have in the result of the trial and his manner of testifying; and it is not sufficient to tell the jury to use their common experience and common sense in determining the credibility of witnesses. (Page 3.)

Appeal from Pulaski Circuit Court.

JOSEPH W. MARTIN, Judge.

Reversed.

Stanley brought suit against the Lancashire Insurance Company, which has appealed from an adverse judgment.

*Austin & Taylor,* for appellant.

The court erred in permitting plaintiff to testify to conversations, claimed by her to have been had with the local agent of the insurance company at the time of the issuance of the policy, regard-

ing the ownership of the lots on which the property was situated. The misrepresentation as to the title to the property was material, and avoids the policy. 87 N. Y. 69; 7 Gray, 370; 24 N. H. 259; 13 Am. & Eng. Enc. Law (2nd Ed.), 223-225; 92 Ala. 428; 107 Ala. 313; 83 Me. 362; 150 Pa. St. 270; 3 Hughes, 272; 18 La. 451. Insurable interest is necessary to support insurance. 25 Cent. L. J. 27; 26 Id. 633. The fact that the principal part of the property was situated on appellee's land is immaterial. The contract was entire. 52 Ark. 257; 63 Ark. 202. The agent had no power to waive the requirements and the policy of the law. 60 Ark. 532; 1 Wood, Fire Ins. 179; 2 Biddle, Ins. § 1074; 133 N. Y. 356; 37 Mich. 613; 7 Ins. L. J. 228; 16 Id. 713; 62 Ark. 43; 39 N. W. 571; 62 Ark. 40; 58 Ark. 281; 3 Gray, 583; 133 Mass. 82; 8 Ins. L. J. 134; 24 Pa. St. 320; 15 B. Mon. 411. The court erred in giving instruction number six for appellee. Thomp. Charg. Jur. 111; 37 Ark. 333; 30 Ark. 383. The court erred in refusing the instruction prayed by appellant as to the tests of credibility of witnesses. 1 Greenleaf, Ev. § 450; 53 Ark. 387. The suit was barred under the provisions of the contract itself as to time for suit to be commenced. 74 U. S. 386.

*White & Streett* and *Carroll & Pemberton,* for appellee.

No prejudicial error was committed in the admission of evidence. Errors must be prejudicial, to justify reversals. 27 Ark. 306; 43 Ark. 535; 43 Ark. 219; 51 Ark. 132; 51 Ark. 184. The local agent bound the company by his acceptance of the risk under the circumstances. 68 N. Y. 434; 12 Mich. 202; 24 N. Y. 302; 52 Ark. 17-20; 52 Ark. 11; 13 Wall. 222; 28 Gratt. 394; 23 Conn. 254. It is not error to refuse an instruction to the same effect as one already given. 34 Ark. 383; 34 Ark. 650; 43 Ark. 184; 46 Ark. 141; 51 Ark. 147; 52 Ark. 180. Appellee is not barred by the terms of the contract as to time for suit. Sand. & H. Dig., § 4841.

WOOD, J. This suit is on a fire insurance policy. The fire occurred on the 6th of December, 1895. Suit was first brought on the 13th of February, 1896, and on the 24th of December, 1896, the plaintiff took a nonsuit. On the 5th of January, 1897, she again brought suit in the Pulaski circuit court. The policy contains this provision: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity,

\*   \*   \*   unless commenced within twelve months next after the fire."

1. Under this provision was the action barred? Section 4144, Sand. & H. Dig., provides: "In all actions against insurance companies upon policies of insurance issued by them, if the plaintiff shall suffer a nonsuit, \*   \*   \*   such plaintiff may commence a new action from time to time within one year after nonsuit suffered \*   \*   \*; and no stipulation contained in any policy of insurance shall avail to deprive the plaintiff in such action of any of the benefits of this section, but the same shall apply to the limitation of the time of suing stipulated for in the policy of insurance." No stipulation in a policy of insurance, written since this law was passed, providing a limitation on the right to sue, can avail to deprive the plaintiff of the benefits of the above section. Parties cannot stipulate for a limitation in conflict with the law. The above statute controls, and the action is not barred. Under the general statute as to nonsuits, a voluntary nonsuit taken is within the purview of the statute. So here a nonsuit taken is a nonsuit suffered. The word "suffer" is used in both statutes.

2. On cross-examination the plaintiff, without objection, testified that she was born in the West Indies; met her husband in New York City; married him in New Jersey, where, she said, it was not necessary to get license; went from New York City to Chicago; remained there three years; and from there went to Lexington, where she lived about two and one-half years, keeping house part of the time. She had a house burned, or rather damaged by fire, there, which was insured for a trifle, and collected the insurance money. After leaving Lexington she traveled for a while; then went to St. Louis to visit friends; and from St. Louis she went to Pine Bluff. At Pine Bluff she rented a building from Mrs. Smart, where she lived. There she had her furniture and wearing apparel and that of her husband insured in her name, which was burned, and she collected the insurance money for all except the piano, which was insured, and worth $500, for which she received no insurance. They (insurance companies) paid the insurance without trouble because they knew how it caught. There was a storm, and the electricians said it caught by the electric wires, etc.

There was ample proof (circumstantial) in the record tending to show that the fire which caused the loss in controversy was

produced by the willful negligence or connivance and procurement of the plaintiff herself; but the jury has determined that issue in her favor, and we cannot disturb its verdict, for it is not without sufficient legal evidence to support it.

The defendant, among others, make the following request for instructions: "The jury are the sole judges of the credibility of the witnesses and the weight to be given to their testimony, and in passing upon the testimony of any witness the jury have a right to take into consideration the interest any such witness may have in the result of this trial, the manner of testifying, and the former life or history any such witness may have given of him or herself in this case;" which the court refused. On the credibility of witnesses, the court gave the following: "You are the sole judges of the credibility of these witnesses and of the weight of the testimony that is given you. The law has wisely placed that, and made that the province of twelve men selected from the county to listen to the evidence, weigh it, and give a fair consideration to the testimony of the different witnesses. The court cannot obtrude upon that part of your duty, and would not do it, but simply asks you now fairly to consider and determine the evidence. Take the different witnesses, and give to each one such, and such only, weight as you, in your fair and deliberate judgment, using your common experience and common sense in regard to such matters, think they are entitled to, and then, giving the weight to the different witnesses in determining their credibility, you take the whole evidence, and determine what facts have been proved to you, and apply the law the court gives you to these facts, and deduce your verdict therefrom."

The court fails in the above instruction to call the attention of the jury to any of the well-established legal tests and methods by which the credibility of witnesses is determined. The jury are told to use their common experience and common sense in regard to such matters. The jury might not have any common experience about determining the credibility of witnesses who testify in court, and their common sense might not enable them to fix any definite and certain rules upon the subject. Such a standard would be capricious and variable. The law has wisely recognized certain tests and methods, such as "interest in the result of the suit," "manner of testifying," etc., which, when applied to the testimony of witnesses, will enable the jury to determine what weight or credit to give their testimony.

The defendant certainly had the right to have these familiar tests applied in this case.  The right to recover was based almost entirely upon the testimony of the plaintiff herself.  The jury should have been told specifically that they had the right to consider the interest of any of the witnesses in the result of the suit and their manner of testifying in determining their credibility. It was not improper or prejudicial either in this case to tell the jury they might consider the former life or history of any witness, as given by himself or herself, in determining their credibility. The testimony as to such history or life was elicited on cross-examination, and went before the jury without objection.  It might not have been error to have omitted the clause as to the life and history, in as much as there was nothing in such history or life to discredit the testimony of any witness, but, such being the case, the witness-plaintiff cannot complain of what she said, without objection, of herself, and no prejudice could have resulted in telling the jury that they might consider such life or history.

The court was not asked to tell the jury to consider such life or history for or against the witnesses in determining their credibility.

Various other questions were raised, but they involve familiar principles, and we deem it unnecessary to discuss them.

For the error in refusing the request of the defendant (appellant), *supra,* the judgment is reversed, and the cause is remanded for new trial.

BATTLE and HUGHES, JJ., dissent.